**FILED**
**SEPTEMBER 18, 2006**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | Request from the United Kingdom Pursuant to the Treaty Between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland on Mutual Legal Assistance in Criminal Matters in the Matter of Jared Brook | ) ) ) ) ) ) ) ) ) |

**06 C 5030**

No. _____

**JUDGE GRADY**
**MAGISTRATE JUDGE ASHMAN**

**WAH**

<u>MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER</u>

The United States is seeking an order appointing a commissioner to collect evidence requested by the United Kingdom in its attached treaty request made pursuant to the <u>Treaty Between the Government of the United States of America and the Government of the United Kingdom of Great Britain and Northern Ireland on Mutual Legal Assistance in Criminal Matters</u>, 1994 WL 855115 (Treaty), entered into force December 2, 1996 [hereinafter referred to as "the Treaty"].

A treaty constitutes the law of the land. U.S. Const. art. VI. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. <u>Asakura v. City of Seattle, Washington</u>, 265 U.S. 332, 341 (1924); <u>United States v. The Peggy</u>, 5 U.S. 103 (1801); <u>In re Commissioner's Subpoenas</u>, 325 F.3d 1287, 1291 (11th Cir. 2003). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. <u>Zschernig, et al. v. Miller, Administrator, et al.</u>, 389 U.S. 429, 440-441 (1968); <u>In re Commissioner's Subpoenas</u>, 325 F.3d 1287, 1305-1306 (11th Cir. 2003); <u>United States v. Erato</u>, 2 F.3d 11, 15-16 (2d Cir. 1993).

A.  <u>The Treaty</u>

The United States and the United Kingdom entered into the Treaty for the purpose of

improving the effectiveness of the law enforcement authorities of both states in the investigation and prosecution of crime. Preamble to the Treaty. The Treaty obliges each state to provide assistance to the other in investigations and prosecutions of offenses, and in proceedings related to criminal matters. Articles 1 and 19(1); In re Commissioner's Subpoenas, 325 F.3d 1287, 1290 (11th Cir. 2003). Each state contemplated that it would provide the other with assistance generally comparable to that which is available to its own law enforcement authorities, which assistance includes taking testimony or statements of persons, providing documents and other evidence, and immobilizing criminally obtained assets. Article 1(2); Barr v. U. S. Department of Justice, 645 F. Supp. 235, 237 (E.D.N.Y. 1986), aff'd, 819 F.2d 25 (2d Cir. 1987).

The Treaty empowers federal district courts to execute treaty requests in order to comply with the United States' treaty obligation. Article 5(1) provides that:

> The courts of the Requested Party shall have authority to issue subpoenas, search warrants, or other orders necessary to execute the request.

The Treaty contemplates that federal district courts will use compulsory measures to execute such requests. Article 8(1) provides that:

> A person in the territory of the Requested Party from whom evidence is requested pursuant to this Treaty may be compelled, if necessary, to appear in order to testify or produce documents, records, or articles of evidence by subpoena or such other method as may be permitted under the law of the Requested Party.

The Treaty imposes no dual criminality requirement as a precondition for providing assistance. Consequently, each state is obligated to provide assistance without regard to whether the conduct under investigation or prosecution would constitute an offence under the laws of the Requested State. See Letter of Submittal of Treaty to the President from the Department of State,

2

January 6, 1995.

B.  Use of the Treaty to Execute Requests for Assistance

The Treaty is designed to be self-executing and requires no implementing legislation. See Letter of Submittal of Treaty to the President from the Department of State, January 6, 1995; In re Commissioner's Subpoenas, 325 F.3d 1287, 1291 (11th Cir. 2003). Even so, it contains little in the way of a procedural framework for executing requests. Consequently, federal district courts routinely utilize the "commission" procedure authorized by 28 U.S.C. § 1782, the statute governing the provision of assistance for foreign judicial proceedings generally, as the "procedural vehicle" to fulfill their judicial responsibility under the Treaty of executing such requests. In re Commissioner's Subpoenas, 325 F.3d 1287, 1305-1306 (11th Cir. 2003).

1.  Appointment of a commissioner

Section 1782 provides in pertinent part:

> The district court . . . may direct that the testimony or statement [of a person who resides or is found within the district] be given or the document or other thing be produced, before a person appointed by the court.

A federal district court customarily appoints or "commissions" a person ("commissioner") to collect evidence on behalf of the court and authorizes the commissioner to submit the evidence collected to the requesting foreign court or authority. "Since the power of the commissioner comes from his appointment, any person who seems appropriate to the court may be appointed commissioner." In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993). With requests from foreign authorities for assistance in criminal matters, a court typically appoints an Assistant U.S. Attorney as commissioner. However, a court also may commission a foreign authority together with (or in lieu of) an Assistant U.S. Attorney. See, e.g., In re Letter of

3

Request from the Supreme Court of Hong Kong, 138 F.R.D. 27, 29 (S.D.N.Y. 1991).

The application to a federal district court for appointment of a commissioner to execute a foreign request for judicial assistance is generally made ex parte. In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 688 (D.C. Cir. 1989); In re Letters Rogatory from the Tokyo District, Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976).

2. Establishment of an evidence-collecting procedure

Section 1782 further provides in pertinent part that:

> To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A federal district court empowers a commissioner to collect the evidence using the procedure prescribed by the court. A court has "complete discretion in prescribing the procedure to be followed." Sen. Rep. No. 1580, 88th Cong., 2d Sess. 1 (1964), reprinted in 1964 U.S. Code Cong. & Admin. News 3782, 3789. When a court's order fails to specify a procedure by which a commissioner is to collect the evidence, the Federal Rules of Civil Procedure apply. In re Letters Rogatory from the Tokyo District Prosecutor's Office, Tokyo, Japan, 16 F.3d 1016, 1019 (9th Cir. 1994); In re Letter of Request from the Supreme Court of Hong Kong, 138 F.R.D. 27, 31 (S.D.N.Y. 1991). However, as § 1782 makes clear, when a court does specify a procedure other than the Federal Rules of Civil Procedure, the alternative procedure shall apply. 28 U.S.C. § 1782(a); Euromepa S.A. v. R. Esmerian, Inc., 51 F.3d 1095, 1098 (2d Cir. 1995). In executing a request made pursuant to a treaty, a court has the obligation to prescribe effective and expeditious procedures designed to promote the purpose of the treaty. See In re Commissioner's Subpoenas, 325 F.3d 1287, 1305 (11th Cir. 2003).

4

      a.    Commissioner's subpoena

Article 5(1) provides for the issuance of procedural documents, such as subpoenas, to effectuate the gathering of evidence:

> The courts of the Requested Party shall have the authority to issue subpoenas, search warrants, or other orders necessary to execute the request.

If a federal district court so orders, a commissioner may use the attached form, entitled "commissioner's subpoena," to obtain the requested evidence. See In re Commissioner's Subpoenas, 325 F.3d 1287, 1291 (11th Cir. 2003)(incorporating in pertinent part the district court's order directing the use of commissioner's subpoenas); United States v. Erato, 2 F.3d 11, 13-14 (2d Cir. 1993)(incorporating in pertinent part the district court's order directing the use of commissioner's subpoenas). The commissioner's subpoena is a creation of neither the Federal Rules of Criminal Procedure nor the Federal Rules of Civil Procedure, but is an order of the court for the production of evidence in accordance with both the Treaty and § 1782. See Article 5(1); 28 U.S.C. 1651; White v. National Football League, et. al, 41 F.3d 402, 409 (8th Cir. 1994), cert. denied, 515 U.S. 1137 (1995) (a court may issue whatever process it deems necessary to facilitate disposition of the matter before it). Upon authorization by a court, a commissioner may issue such commissioner's subpoenas as are necessary to execute the request.

A court, in keeping with its obligation to design effective and expeditious procedures to promote the purpose of the Treaty, may authorize service of commissioner's subpoenas anywhere within the territory of the United States (i.e., coextensive with the service of subpoenas in U.S. criminal investigations and prosecutions pursuant to Rule 17, Federal Rules of Criminal Procedure). The § 1782 limitation on the court's power to compel to "the district in which a person resides or

5

is found" is inoperative in executing a treaty request. In re Commissioner's Subpoenas, 325 F.3d 1287, 1305-1306 (11th Cir. 2003).

        b.     Notice of evidence taking

Article 8(1) authorizes use of compulsory process in the execution of treaty requests comparable or similar to that used in domestic criminal investigations or prosecutions:

A person in the territory of the Requested Party from whom evidence is requested pursuant to this Treaty may be compelled, if necessary, to appear in order to testify or produce documents, records, or articles of evidence by subpoena or such other method as may be permitted under the law of the Requested Party.

Inasmuch as subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any party other than the recipients (i.e., no notice to targets or defendants), commissioner's subpoenas issued in execution of treaty requests likewise should require no notice to other than the recipients. Accordingly, a federal district court should authorize a commissioner to collect the evidence requested without notice to any party other than the recipient of the commissioner's subpoena except to the extent that a request asks for specific notice procedures.[1]

---

[1] Generally, U.S. authorities execute requests for judicial assistance in criminal matters without notification to actual or potential targets of investigations, or even to parties in proceedings. U.S. authorities rely on the requesting courts and authorities to provide such notice directly to the relevant parties as foreign law requires or to request that U.S. executing authorities follow stated notice procedures when necessary or useful under foreign law or practice. Foreign requests have asked (1) that a person to be interviewed (generally a defendant or suspect) be given notice of applicable testimonial privileges (e.g., against self-incrimination) at the time of the interview and (2) that a defendant and defense counsel be permitted to be present during the taking of testimony of a witness and be given sufficient notice to make arrangements.

The Treaty itself contemplates the need for confidentiality with respect to all aspects of the execution of requests. Article 7(1) provides that:

6

To the extent that execution of a request entails the production of bank or financial records otherwise covered by the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., the commissioner need not give, nor arrange for the custodian of records to give, notice to an account holder inasmuch as the Act does not apply in the execution of foreign legal assistance requests. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letter of Request for Judicial Assistance from the Tribunal Civil De Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993). See In re Commissioner's Subpoenas, 325 F.3d 1287, 1305-1306 (11th Cir. 2003).

C.   The Present Request

The Secretary of State for the Home Office, the Central Authority for the United Kingdom pursuant to Article 2 of the Treaty, has made the instant treaty request in connection with a criminal investigation by the Serious Fraud Office of the Crime Reduction and Community Safety Group, United Kingdom Central Authority (hereafter referred to as the "Serious Fraud Office"). The Serious Fraud Office is investigating a high-yield investment fraud scheme that resulted in the loss of approximately 200,000,000 pounds following the collapse of the Imperial Consolidated Group ("ICG") in April 2002 and continued until at least 2003 through the ongoing criminal activities of Jared Brook, Lincoln Fraser, and their associates. Between 1997 and 2002, ICG, which was controlled by Brook and Fraser, solicited investments based on the promise of vast returns. The

---

The Requested State shall, upon request, keep confidential any information which might indicate that a request has been made or responded to. If the request cannot be executed without breaching confidentiality, the Requested Party shall so inform the Requesting Party, which shall then determine the extent to which it wishes the request to be executed.

invested funds were not being placed as advertised, but were sent to at least one Brook/Fraser controlled company and to various other entities, including: Imperial Consolidated plc, Imperial Consolidated Holdings Inc., Imperial Consolidated Financiers Ltd., Imperial Phoenix Finance Ltd., ICS Placement Ltd, ICS Ltd., Imperium Bank Limited, and IC Mutual Limited. The Serious Fraud Office is investigating the various entities involved in this investment scheme and the large number of transfers of misappropriated funds that occurred through U.S. financial institutions, including Harris Bank in Chicago, Illinois. The Serious Fraud Office is seeking the production of Harris Bank records for those accounts through which ICG funds or ICG-related funds moved through, and the opportunity to interview Harris Bank personnel familiar with ICG and its related companies.

Accordingly, to execute this request, the government moves this court to issue the attached order appointing the undersigned Assistant U.S. Attorney as commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, to obtain the evidence requested, and to adopt such procedures in receipt of the evidence as are consistent with the intended use thereof in the United Kingdom.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        UNITED STATES ATTORNEY

By: _____
        PRAVIN B. RAO
        Assistant United States Attorney
        219 S. Dearborn Street, 5th Flr.
        Chicago, Il. 60604
        (312) 353-1457



# Home Office

Crime Reduction and Community Safety Group
United Kingdom Central Authority
JCU, 5th Floor, Fry Building, 2 Marsham Street, LONDON SW1P 4DF
Switchboard 0870 0001585  Fax 0207 035 6987  Direct Line 020 7035 1283
Pager None  E-mail eda.murray@homeoffice.gsi.gov.uk
www.homeoffice.gov.uk

US Department of Justice
Office of International Affairs
Criminal Division
1301 New York Avenue, N.W.
8th Floor, Bond Building
WASHINGTON DC 20005

Our Ref    MLO05/221/0395
Your Ref
Date       21 April 2005

Dear Ladies/Sirs

INVESTIGATION INTO THE AFFAIRS OF JARED BROOK & LINCOLN FRASER ET AL

Please find enclosed with this letter a request issued by Serious Fraud Office . seeking enquiries to be made and evidence gathered. I should be grateful if you would arrange for the request to be executed.

The request is made in accordance with the Treaty on Mutual Legal Assistance in criminal matters between the United Kingdom and the United States of America. / our bilateral Mutual Legal Assistance Treaty of 1994.

Any evidence obtained should be returned to me. I would add that under Section 9(2) of our Crime (International Co-operation) Act 2003, the evidence obtained as a result of this letter of request cannot be used, without your consent, for any other purpose than that specified in the request.

I would be grateful if you could acknowledge receipt of this request either by, email, fax or mail as you deem appropriate. I look forward to hearing from you soon

Yours faithfully

E Murray
*For and on behalf of The Secretary of State*

/82-21714

BUILDING A SAFE, JUST AND TOLERANT SOCIETY